UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ELIEJUAWAN JAMES BLACK,

        Plaintiff,                      Case No. 1:24-cv-156

v.                                          Honorable Robert J. Jonker

UNKNOWN COOK et al.,

        Defendants.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Rhydal. The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims and Eighth Amendment medical care claims against remaining Defendants Cook, Ryan, Schutt, and Schmidt. Plaintiff's Eighth Amendment excessive force claims against Defendants Cook, Ryan, Schutt, and Schmidt in their individual capacities will remain in the case.

**Discussion**

I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following DRF officials in their individual and official capacities: Lieutenant Unknown Schmidt; and Corrections Officers Unknown Cook, Unknown Ryan, Unknown Schutt, and Unknown Rhydal. (Compl., ECF No. 1, 2.)

In Plaintiff's complaint, he alleges that on November 7, 2023, he "was taken outside of 700 unit at or around 11pm at night after a physical altercation with another inmate," and while he was handcuffed, he "was beaten by" Defendants Cook, Ryan, Schutt, and Schmidt, as well as non-party corrections officers Skinner and Bryce.[1] (*Id.*, PageID.5.) Plaintiff claims that after this incident, "the officers tried bribing [Plaintiff]," stating that if Plaintiff did not say anything, "they would replace the T.V., the fan, the CL20 headphones and all [of Plaintiff's] other personal property that is all on [Plaintiff's] property card[] that was destroyed or broken or that is missing."[2] (*Id.*)

---

[1] In this opinion, the Court corrects the capitalization in quotations from Plaintiff's complaint.

[2] It appears that Plaintiff presents the allegation about the attempted bribe as support for his claim that he was in fact "beaten by" Defendants Cook, Ryan, Schutt, and Schmidt on November 7, 2023. To the extent that Plaintiff intended to bring a claim about this attempted bribe, he fails to state a claim under § 1983. *Cf. Prude v. Clarke*, 675 F.3d 732, 736 (7th Cir. 2012) (addressing a prisoner-plaintiff's claim that a guard "offered him a sandwich . . . if he would spy on other prisoners," and concluding that "[b]ribing prisoners in a nonfederal jail to inform on other prisoners does not violate any federal law," and "[t]he failure to give the plaintiff the sandwich could not be thought cruel and unusual punishment for his refusing to take the bribe, for it made him no worse off than he would have been had no bribe been offered."). Plaintiff's allegation regarding the attempted bribe has the suggestion of a substantive due process claim; however, while the Court does not condone Defendants' actions, Plaintiff's allegations regarding the attempted bribe fall short of demonstrating the sort of egregious conduct that would support a substantive due process claim. *See, e.g.*, *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014).

2

Thereafter, on November 8, 9, and 10, 2023, Plaintiff "submitted healthcare requests" for the "multiple bruises" and "lacerations" that Plaintiff sustained from the November 7, 2023, incident. (*Id.*) Plaintiff states that he also "ke[pt] having episodes of unconsciousness," and that he "was denied any medical treatment or attention." (*Id.*)

On November 9, 2023, Plaintiff's cellmate found Plaintiff "unresponsive in [Plaintiff's] bunk[,] shaking and having a mild seizure." (*Id.*) Plaintiff's cellmate informed non-party corrections officers Wright, Juarez, and Hodge about the matter, but they "refused the Plaintiff any medical attention," and instead, Plaintiff and his cellmate "were strip searched and [their] room was searched." (*Id.*, PageID.5–6.) In addition to non-party corrections officers Hodge, Juarez, and Wright, non-party sergeant Vandenshake came to Plaintiff's cell, and they all said, "'F[***] him, I hope he dies,' while [Plaintiff] laid there shaking helplessly." (*Id.*, PageID.6.) Plaintiff alleges that "multiple healthcare requests have been sent and ha[ve] been repeatedly ignored by medical staff." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise Eighth Amendment claims against Defendants.[3] As relief, Plaintiff seeks a declaratory judgment, as well

---

[3] In the "Exhaustion of Administrative Remedies" section of Plaintiff's complaint, he sets forth his attempts to exhaust his administrative remedies at DRF regarding this matter. (Compl., ECF No. 1, PageID.6–7.) In describing these attempts, Plaintiff states, among other things: "Corrections Officers who deviate from policy and operating procedures that participate in behaviors that are retaliatory in nature, that are in-humane, cruel and unusual punishment only add to the issues and patterns recognized in this complaint." (*Id.*, PageID.7.) Plaintiff does not name any Defendants in this section of the complaint, and the other sections of Plaintiff's complaint contain no reference to retaliation. Under these circumstances, the Court does not construe Plaintiff's complaint to raise a First Amendment retaliation claim against Defendants. Furthermore, even if Plaintiff intended his reference to retaliation in the "Exhaustion of Administrative Remedies" section to raise a First Amendment claim against Defendants, this claim would be dismissed because Plaintiff alleges no facts to suggest that the named Defendants took adverse action against him due to any protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (setting forth the elements of a retaliation claim); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th

3

as compensatory and punitive damages. (*Id.*, PageID.7.) Plaintiff also "seeks recovery for the cost of the suit." (*Id.*)

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

---

Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff sues Defendants in their official and individual capacities. (Compl., ECF No. 1, PageID.2.)

A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Here, Plaintiff seeks monetary damages, as well as declaratory relief. An official capacity defendant is absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss Plaintiff's claims for monetary damages against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief may constitute an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive or declaratory relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Nonetheless, the Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102; *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).

In the present action, Plaintiff does not allege the existence of an official policy or practice, or suggest that the activities alleged in the complaint are likely to occur again. Plaintiff's allegations against Defendants relate solely to past harm, not future risk of harm. Therefore, Plaintiff does not seek relief properly characterized as prospective. *See Ladd*, 971 F.3d at 581.

Accordingly, for the reasons set forth above, Plaintiff's official capacity claims against Defendants will be dismissed.

### B.    Defendant Rhydal

With respect to Defendant Rhydal, Plaintiff fails to allege facts showing how Defendant Rhydal was personally involved in the violation of Plaintiff's constitutional rights. (*See generally* Compl., ECF No. 1.) Specifically, when listing the Defendants named in this action, Plaintiff lists Unknown Rhydal as a Defendant, however, Plaintiff fails to name Defendant Rhydal in the body of his complaint. (*See id.*, PageID.4–8.) Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Further, Plaintiff's claims against Defendant Rhydal fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff's claims against Defendant Rhydal will be dismissed.

  **C.**  **Defendants Cook, Ryan, Schutt, and Schmidt**

   **1.**  **Excessive Force Claims**

  The Court construes Plaintiff's complaint to raise an Eighth Amendment excessive force claim against Defendants Cook, Ryan, Schutt, and Schmitt.

  As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

  There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294,

298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

In this action, Plaintiff alleges that on November 7, 2023, he "was taken outside of 700 unit at or around 11pm at night after a physical altercation with another inmate," and he "was beaten by" Defendants Cook, Ryan, Schutt, and Schmidt, as well as non-party corrections officers Skinner and Bryce. (Compl., ECF No. 1, PageID.3.) Plaintiff states that this "beat[ing]" occurred "while [he was] handcuffed." (*Id.*) At this stage of the proceedings, taking Plaintiff's allegations as true and in the light most favorable to Plaintiff, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Cook, Ryan, Schutt, and Schmidt.

### 2. Medical Care Claims

The Court also construes Plaintiff's complaint to raise an Eighth Amendment claim regarding the denial of medical care after the November 7, 2023, incident.

An Eighth Amendment claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In

9

other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

In this action, Plaintiff alleges that on November 8, 9, and 10, 2023, Plaintiff "submitted healthcare requests" for the "multiple bruises" and "lacerations" that Plaintiff sustained from the November 7, 2023, incident. (Compl., ECF No. 1, PageID.5.) Plaintiff also alleges that he "ke[pt] having episodes of unconsciousness," and that he "was denied any medical treatment or attention." (*Id.*) Further, Plaintiff alleges that non-party corrections officers Hodge, Juarez, and Wright and non-party sergeant Vandenshake denied him medical care on November 9, 2023, when Plaintiff was "having a mild seizure." (*Id.*, PageID.5–6.) Finally, Plaintiff alleges that "multiple healthcare requests have been sent and ha[ve] been repeatedly ignored by medical staff." (*Id.*, PageID.6.)

10

Plaintiff does not allege that any of the named Defendants denied him medical care. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). And, "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, Plaintiff fails to allege any facts suggesting that Defendants Cook, Ryan, Schutt, and Schmidt were involved in the alleged denial of medical care. Specifically, Plaintiff alleges that he first submitted a healthcare request on November 8, 2023. (Compl., ECF No. 1, PageID.5.) However, Plaintiff's only allegation against Defendants Cook, Ryan, Schutt, and Schmidt involves the alleged beating on November 7, 2023. (*See id.*) Plaintiff alleges no facts suggesting that Defendants Cook, Ryan, Schutt, and Schmidt had any further interaction with Plaintiff after November 7, 2023, let alone that they were involved in the denial of medical care. Under these circumstances, Plaintiff fails to state an Eighth Amendment medical care claim against Defendants Cook, Ryan, Schutt, and Schmidt. *See, e.g.*, *Gilmore*, 92 F. App'x at 190; *Frazier*, 41 F. App'x at 764.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Further, having conducted the review required by the PLRA, the Court determines that Defendant Rhydal will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's official capacity claims and Eighth Amendment medical care claims against remaining Defendants Cook, Ryan,

11

Schutt, and Schmidt. Plaintiff's Eighth Amendment excessive force claims against Defendants Cook, Ryan, Schutt, and Schmidt in their individual capacities remain in the case.

An order consistent with this opinion will be entered.


Dated:     April 8, 2024                    /s/ Robert J. Jonker
                                                                           Robert J. Jonker
                                                                           United States District Judge